## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

---

FRANKLIN BENJAMIN, by and through his next
friend, Andrée Yock; RICHARD GROGG and
FRANK EDGETT, by and through their next
friend Joyce McCarthy; SYLVIA BALDWIN, by
and through her next friend, Shirl Meyers;
ANTHONY BEARD, by and through his next
friend Nicole Turman, on behalf of themselves
and all others similarly situated,

                                 *Plaintiffs,*

          v.

**DEPARTMENT OF PUBLIC WELFARE OF THE
COMMONWEALTH OF PENNSYLVANIA and GARY
ALEXANDER, in his official capacity as Secre-
tary of Public Welfare of the Commonwealth
of Pennsylvania,**

                                 *Defendants.*

:
:
:
:
:
:
:    **Civil Action No. 1:09-cv-1182-JEJ**
:
:    Class Action
:
:
:
:    Complaint Filed June 22, 2009
:
:
:
:
:
:
:
:

---

### MOTION OF DIANE SOLANO,
### BY AND THROUGH HER BROTHER AND GUARDIAN, CARL A. SOLANO,
### TO INTERVENE
### FOR PURPOSE OF OBJECTING TO CLASS ACTION SETTLEMENT

---

Diane Solano, by and through her brother, Carl A. Solano, moves to intervene in this action for the limited purpose of presenting and having the Court consider her objections to the proposed class action settlement.  In support of this motion, she states:

    1.    In June 2009, plaintiffs filed this case as a class action under the Americans with Disabilities Act (ADA) and the Rehabilitation Act.

    2.    Plaintiffs are five residents of three of the Commonwealth's intermediate care facilities for persons with mental retardation ("ICFs/MR" or "State Centers") who say they

want to be relocated to community facilities and seek injunctive and declaratory relief that would permit their relocation.

3.     On September 2, 2009, the Court granted an unopposed motion for certification of a class of all residents of the State Centers who "could reside in the community with appropriate supports and services" and "do not or would not oppose community placement."

4.     In March 2010, the Court denied a motion by nine State Center residents to intervene to protect their right under *Olmstead v. L.C. ex rel. Zimring*, 527 U.S. 581 (1999), to remain in the State Centers, and a year later the Court of Appeals affirmed that decision.

(a)     In its opinion denying intervention, this Court concluded that the litigation did not threaten the nine residents' right to remain in the State Centers because the nine could exclude themselves from the class by declaring their opposition to community placement under the final prong of the class definition.

(b)     Movant Diane Solano was not one of the nine State Center residents who filed the 2010 motion to intervene, though she did participate as an *amicus curiae* in the Court of Appeals.

5.     In January of this year, the Court entered summary judgment for the plaintiffs on liability.

6.     In May 2011, the parties entered into an agreement of settlement.   The Court tentatively approved the settlement on May 27, 2011.

7.     The Court has scheduled a hearing on final approval of the settlement for August 22, 2011, and has ordered that any objections to the settlement be filed by August 2,

2011.

8.      Movant Diane Solano is filing objections to the settlement as a member of the class.  Alternatively, by this motion, she seeks leave to intervene so that she can present her objections at the fairness hearing.

9.      Diane Solano ("Diane") is a 56-year-old resident of the State Center at White Haven.  She has been diagnosed as having "profound mental retardation," and has an intelligence quotient below 20 and a mental age at or below 1 year.  Because of her incapacity, she files this motion (and is also filing her objections to the settlement) by and through her brother, Carl A. Solano, Esquire ("Objector," or "Carl").  Carl was appointed Diane's legal guardian on July 20, 2004, by an order of the Court of Common Pleas of Luzerne County.

10.     Because of Diane's mental and intellectual incapacity, she is in need of 24-hour care for all of her daily needs.

11.     Diane has resided at the White Haven Center all of her adult life, and it is what she knows as her home.

12.     Because of Diane's condition, her guardians consistently have concluded that the most appropriate setting for her care is White Haven.  In the 46 years she has lived there, Diane has received excellent care that has accommodated her special needs.

13.     The terms of the settlement are presented in the motion for approval of the settlement that was filed by plaintiffs, and a copy of the settlement agreement is an exhibit to that motion.  Among other things, the settlement provides as follows:

(a)      The Department of Public Welfare (DPW) and plaintiffs' counsel

are to assess all State Center residents' opposition to being moved out of the Centers and into community facilities. Those who do not express unalterable opposition to being relocated to a community facility (that is, who do not say that they "do not or would not" oppose relocation) will be placed on a Planning List for relocation. That includes any individuals who remain silent on the question, even if their silence results from inability to comprehend what is being asked.

(b)     Those on the Planning List will receive "training" about the benefits of community placements under a program to be set up by a "Community Partnership Steering Committee" consisting of representatives of plaintiffs' counsel, provider representatives, DPW, and others.

(c)     Plans for community placements, support, and services then will be devised as part of a broader "Integration Plan" that is to move 400 State Center residents to community facilities in the next five years. Unless an individual otherwise requests, the placements will be in facilities housing no more than four individuals.

(d)     DPW is to shift funds from the State Centers' budgets to community programs.

(e)     This Court would retain jurisdiction to enforce the settlement, and plaintiffs' counsel will be paid $432,500 in counsel fees.

14.     Diane's objections are attached to this motion as Exhibit A. They include the following:

(a)     The case was inappropriate for class certification under Federal Rule 23(b)(2), because:

4

(i)      It is not cohesive and is improperly defined;

(ii)      It depends on an opt-out provision not permitted under the Rule 23(b)(2);

(iii)      The named plaintiffs' claims are not typical of those of all other class members and those plaintiffs are not adequate representatives of the class; and

(iv)      The class certification did not comply with the procedural requirements of Federal Rule 23.

(b)      The settlement improperly infringes on the rights of class members under *Olmstead* by moving them to community facilities even if relocation is inappropriate, because it:

(i)      Compels the relocation to community facilities of State Center residents who need comprehensive care and have not expressed any desire to be relocated;

(ii)      Fails to provide for individualized determinations of whether each State Center resident is capable of moving to community facilities and whether such facilities are available to accommodate each resident's needs; and

(iii)      Fails to provide protections for State Center residents who make improvident decisions to relocate to community facilities.

(c)      The settlement improperly infringes on the rights of class members under *Olmstead* by failing to create procedures that will enable informed decision-making about

their care options, in that:

        (i)      The class certification notice requires class members to decide about their care without adequately explaining the consequences of agreeing to community relocation; and

        (ii)      The settlement lacks unbiased procedures necessary to assure that relocation decisions are properly made.

        (d)      The settlement improperly infringes on the rights of class members under *Olmstead* by failing to protect those electing to remain in the State Centers and by depriving the State Centers of resources, in that:

        (i)      The settlement contains no protections against closing of the state centers or reduction in the quality of care that they offer; and

        (ii)      The settlement improperly mandates transfers to community programs of state funds that are for the benefit of State Center residents.

        (e)      The settlement provides for attorneys' fees that are inappropriate

        15.      Objector believes that White Haven currently is the most appropriate facility for Diane and therefore currently opposes her relocation to the community.  However, because of uncertainty about what may happen to the State Centers if the settlement is implemented, and, in particular, about whether the State Centers will be able to continue to administer the same quality of excellent care that they have provided in the past, Objector reluctantly agrees that he might not oppose community relocation in the future if that becomes a better alternative. For this reason, Objector believes Diane is entitled to file objections as a member of the class

(that is, as someone who "would not" oppose community placement in the future if conditions at the State Centers change for the worse), and Objector is filing on that basis.

16.     Nevertheless, plaintiffs have informed Objector that because he currently opposes Diane's relocation and has made that fact known, they will argue that Diane should not be allowed to file objections as a member of the class.  In e-mail to Objector this morning confirming plaintiffs' non-concurrence in this motion, their counsel stated:  "Just to be abundantly clear, it is Plaintiffs' contention that you do not have standing to object to the settlement because you oppose community services for your sister and therefore, are not a class member. We do not accept that you have the right to object to the settlement agreement."   E-mail, R. Meek to C. Solano, July 28, 2011, 8:55 a.m.  Objector prepared this motion in anticipation of plaintiffs' position, and is filing it as an alternative means of protecting his right to object and be heard on behalf of Diane.

17.     This motion seeks intervention only for the limited purpose of having Diane's objections heard and determined by this Court in the event the Court determines that Diane may not assert those objections as a member of the class.  If the Court agrees that Diane has a right to have her objections heard and considered because she is a member of the class, then this motion is unnecessary and need not be decided.

18.     Because Diane seeks intervention solely so that her objections are heard and determined by the Court, the attachment of her objections to this motion as Exhibit A should be deemed to satisfy the requirement of Federal Rule 24(e) that the motion be accompanied by a "pleading" setting forth the matters for which intervention is being sought, and Diane respectively requests that her objections be deemed to satisfy that requirement.

19.     The Court of Appeals has instructed that "permitting persons to appear in court, either as friends of the court or as interveners for a limited purpose, may be advisable where third parties can contribute to the court's understanding of the consequences of the settlement proposed by the parties." *Harris v. Pernsley*, 820 F.2d 592, 603 (3d Cir.), *cert. denied*, 484 U.S. 947 (1987).  Intervention is an appropriate way to preserve objections to a class settlement if the objector is not recognized as otherwise having a right to participate.  Accordingly, courts have granted motions to intervene for the limited purpose of having class settlement objections heard.

20.     Diane should be permitted to intervene as of right for the limited purpose of objecting and being heard in opposition to the class action settlement.

(a)     Under Rule 24(a) of the Rules of Civil Procedure, an individual may intervene as of right if (1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter, by disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation.

(b)     A motion to intervene to object to a class settlement is timely if, as here, it is made within the time for responses set forth in a class action settlement notice.

(c)     By definition, the parties to a settlement agreement will not be representing the interests of an objector to the settlement like Diane.  Therefore, the interests of Diane are not adequately represented here.

(d)     Diane has an interest at issue in this litigation that may be affected or impaired by the settlement.  That interest is in Diane's right to appropriate care under

*Olmstead*, a right that is implicated and may be impaired in a variety of ways by the settlement agreement.

(i)      The agreement sets up procedures for determining whether Diane and other State Center residents should be relocated to community facilities.  Diane has an interest in being sure that those procedures adequately protect her interest in maintaining appropriate care and that any decision-making pursuant to the settlement is done in her best interest and is informed by full, unbiased, and objective information.  Some of her objections are directed to preservation of this interest.

(ii)      Diane has an interest in assuring that if she were to agree to consider community placement, her right to the most appropriate such placement will be protected.  In this connection, the settlement presents serious questions about the availability of community facilities that can provide the 24-hour care Diane would need and about how much say Objector would have in choosing any specific community facility in which she would be placed.  The settlement also raises serious questions about protection of Diane's rights after she is relocated to a community facility.  Although the settlement purports to advance the interests of Diane and others to move to community settings, it does nothing to assure Diane's safety and protection once she exercises that option.

(iii)      Diane has an interest under *Olmstead* in continuing to live in an institutional facility if that is best for her, but the settlement makes no provision to protect this interest.  The settlement provides for 400 individuals to be moved out of the State Centers over five years, and is likely to result in relocation of many State Center residents who should not be relocated.  Meanwhile, the settlement agreement provides that DPW is to "shift funds

from the carry-forward budget for state ICFs/MR to the Community Waiver services budget," thus taking money away from the State Centers and turning it over to community services programs instead.   By improperly depleting the State Centers' populations and depriving them of funds, the settlement creates a substantial risk that the Centers will face a reduction of financial resources that will force a reduction in the quality of the care that they can provide.   Contrary to what may have been the case when the Court declined to permit intervention last year, these consequences no longer are speculative in light of the settlement, and they deserve consideration.

(iv)     All of these *Olmstead* issues are interrelated, and all of them are directly affected by the settlement.   Class members are being asked to make critical decisions about whether to stay in the State Centers or to move out, and their choices necessarily require a comparison of the risks and benefits of each location.   Those risks and benefits will depend in part on the resources available, and those resources will depend on how any remedy is structured and what this Court orders.   The third part of plaintiffs' class definition — the part on which the Court relied last year to deny intervention — asks only whether class members "would not oppose community placement" in all circumstances, thus inviting class members (like Objector) to acknowledge that there might be situations in which they would not object, depending on all of the circumstances at the time.   Those circumstances include the relative risks and benefits under *Olmstead*.

(v)     This litigation implicates all class members' interests in their "care and placement," the quality of the essential services and supports provided to them, and the "financial viability of their selected living arrangement."   All class members, including those like Diane who presently may not favor relocation, therefore have a right to be heard.   *See*

*Ligas ex rel. Foster v. Maram*, 2010 U.S. Dist. Lᴇxɪs 34122 (N.D. Ill., Apr. 7, 2010).

>          (vi)     Neither this Court's decision denying intervention last year nor the Third Circuit's affirmance of that decision call for a contrary conclusion.  The settlement had not been negotiated at the time of those decisions, and the settlement's terms, such as a requirement for a transfer of funds from the State Centers, were not known.  This motion seeks leave to intervene only so that objections to the class settlement may be heard.  This motion thus presents far different issues than those that confronted this Court last year or that confronted the Court of Appeals.

>          (e)     When considering the fairness of a class settlement, this Court "acts as a fiduciary, guarding the claims and rights of the absent class members."  *In re Pet Food Prods. Liab. Litig.*, 629 F.3d 333, 349 (3d Cir. 2010) (citing cases).  In doing so, it can only benefit from the views of all of those who will be affected by the settlement.   The Court therefore should exercise its discretion to permit Diane to intervene as of right for the limited purpose of objecting to the settlement and presenting those objections at the fairness hearing.

>          21.     Alternatively, Diane should be permitted to intervene permissively for the limited purpose of objecting to the class action settlement and being heard.

>          (a)     Under Federal Rule 24(b)(1)(B), the Court may permit intervention by anyone who "has a claim or defense that shares with the main action a common question of law or fact."

>          (b)     Diane meets this test, since she raises concerns about her right to care under *Olmstead* that she shares in common with other members of the class.

(c)     Whether the Court should grant permissive intervention depends on whether the proposed intervenor will add anything new to the case or will delay or prejudice others' rights.

(i)     The fact that Diane seeks to intervene only for the limited purpose of presenting objections to the settlement weighs strongly in favor of permitting her to intervene here.

(ii)     By intervening, Diane seeks to file objections within the time set by this Court's order, so that her intervention will not cause delay.

(iii)     Diane's objections will present issues that the parties, having agreed to the settlement, will not present, and so they add something new.

(iv)     Diane's intervention will not prejudice anyone, since her objections raise issues of interest and concern to all class members.

WHEREFORE, Diane Solano, by and through her guardian Carl A. Solano, requests leave to intervene for the limited purpose of having her objections to the settlement heard and considered at the fairness hearing at which she is permitted to appear.

Respectfully submitted,

/s/ *Carl A. Solano* _____

Carl A. Solano, I.D. No. PA 23986
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 751-2000
Fax:  (215) 972-7363
E-mail:  *CSolano@Schnader.com*

Dated:  July 28, 2011.

## CERTIFICATIONS

I, CARL A. SOLANO, certify that:

**_Non-concurrence._**  On July 26, 2011, I e-mailed each of the counsel for the parties in this case to seek their concurrence in this motion.  Neither concur.

**_Service._**  On July 28, 2011, I served a copy of this motion and memorandum by first-class mail, postage prepaid, addressed to:

> Robert W. Meek, Esquire
> DISABILITY RIGHTS NETWORK OF PENNSYLVANIA
> 1315 Walnut Street, Suite 500
> Philadelphia, Pennsylvania 19107-4705
>   _Attorney for Plaintiffs_

> Doris M. Leisch, Esquire
> Deputy Chief Counsel
> OFFICE OF GENERAL COUNSEL, DEPARTMENT OF PUBLIC WELFARE
> 801 Market Street, Suite 6092
> Philadelphia, Pennsylvania 19107
>   _Attorney for Defendants._

/s/ _Carl A. Solano_
Carl A. Solano

Dated:  July 28, 2011.