IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

```
-----------------------------------------------------------x
FRANKLIN BENJAMIN, et al., on behalf of        :
themselves and all others similarly situated,  :
                                               :
                       Plaintiffs,             :
                                               :    No. 09-cv-01182
          -against-                            :    (Jones, U.S.D.J.)
                                               :
DEPARTMENT OF PUBLIC WELFARE OF                :    (Am. Complaint
THE COMMONWEALTH OF                            :    Filed 7/14/09)
PENNSYLVANIA, et al.,                          :
                                               :
                       Defendants.             :
-----------------------------------------------------------x
```

**MOTION OF CRAIG SPRINGSTEAD, MARIA MEO, DANIEL BASTEK, MICHAEL STORM, BETH ANN LAMBO, RICHARD KOHLER, MARIA KASHATUS, AND WILSON SHEPPARD TO INTERVENE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 24**

Craig Springstead, by and through his father and guardian, Bertin Springstead, Maria Meo, by and through her mother and guardian, Grace Meo, Daniel Bastek, by and through his father and guardian, John Bastek, Michael Storm, by and through his guardian, Polly Spare, Beth Ann Lambo, by and through her father and guardian, Joseph Lambo, Richard Kohler, by and through his sister and guardian, Sara Fuller, Maria Kashatus, by and through her father and guardian, Thomas Kashatus, and Wilson Sheppard, by and through his brother and next friend, Alfred Sheppard (collectively, the "Springstead Objectors"), respectfully move to intervene in the above-captioned action for the limited purpose of presenting and having the Court consider the Springstead Objectors' objections to the proposed class action settlement.

In support of this Motion, the Springstead Objectors aver as follows:

1. By their Amended Complaint, dated July 14, 2009, Plaintiffs commenced this putative class action against Defendant Department of Public Welfare of the Commonwealth of

Pennsylvania, "the Commonwealth agency that is responsible to provide services to Pennsylvanians with mental retardation." (Am. Compl. ¶ 13.)

2. The five named Plaintiffs are residents of three of the five state-operated intermediate care facilities for persons with mental retardation ("ICFs/MR") in the Commonwealth of Pennsylvania.

3. Plaintiffs' allegations concern "Defendants' continuing failure to offer and provide them with the opportunity to receive services in integrated, community settings that are the most appropriate settings to meet their needs." (Am. Compl. ¶ 1.) Plaintiffs seek "appropriate declaratory relief and injunctive relief" (id. ¶ 4), pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132 and 28 C.F.R. § 35.130(b)(3) (id. ¶¶ 82-87), and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 and 28 C.F.R. § 41.51(d) (id. ¶¶ 88-93). The five named Plaintiffs seek immediate relocation to community care facilities.

4. Plaintiffs seek this relief on behalf of a class that, as certified, includes:

> All persons who: (1) currently or in the future will reside in on[e] of Pennsylvania's state-operated intermediate care facilities for persons with mental retardation; (2) could reside in the community with appropriate services and supports; and (3) do not or would not oppose community placement.

(Order, Sept. 2, 2009, § III.)

5. On March 10, 2010, the Court denied a motion by the Springstead Objectors, who had sought to intervene to protect their right to remain in state-operated ICFs/MR. The Third Circuit Court of Appeals later affirmed this decision. In the Order denying the proposed intervention, the Court found that the present litigation did not threaten the Springstead Objectors' ability to remain in ICF/MR care because the Springstead Objectors' opposition to community placement removed them from the certified class.

6. On January 27, 2011, the Court entered summary judgment for the Plaintiffs on liability without determining appropriate relief.

7. On May 26, 2011, Plaintiffs and Defendants entered into a proposed settlement agreement, and on May 27, 2011 this agreement was tentatively approved by the Court.

8. The Court has ordered that objections to the settlement be filed by August 2, 2011.

9. The Court has scheduled a hearing for final approval of the settlement for August 22, 2011.

10. The Springstead Objectors have filed objections to the proposed settlement as members of the class.

11. This motion seeks intervention in the event that the Court determines that the Springstead Objectors are not members of the class.

12. In addition to letters sent to the Clerk of Court and Plaintiffs' counsel in accordance with the notice procedures proposed by Plaintiffs and approved by the Court, the Springstead Objectors have, through counsel, filed a memorandum setting forth supplemental objections. These supplemental objections have been attached hereto as Exhibit A and, in accordance with Federal Rule of Civil Procedure 24(c), set forth the basis for which intervention is sought.

13. The Springstead Objectors should be permitted to intervene as of right.

14. Rule 24(a) of the Federal Rules of Civil Procedure allows individuals to intervene as of right when (1) the intervention is timely; (2) the individual proposing intervention has an interest in the litigation; (3) the individual's interest may be affected or impaired by disposition

of the action; and (4) the interest is not adequately represented by an existing party in the litigation.

15. The Springstead Objectors' Motion to Intervene to present their objections to the proposed settlement agreement to the Court is timely because it is made within the time for responses to the proposed settlement agreement set forth in the class action settlement notice approved by the Court.

16. As set forth more fully in the Springstead Objectors' supplemental objections, attached as Exhibit A, the Springstead Objectors have an interest in choosing the form of care most appropriate to their individual needs. That interest is at issue in the present litigation.

17. As set forth more fully in the Springstead Objectors' supplemental objections, attached as Exhibit A, the Springstead Objectors' interest in choosing the form of care most appropriate to their individual needs is jeopardized by the settlement agreement proposed by Plaintiffs and Defendants.

18. As set forth more fully in the Springstead Objectors' supplemental objections, attached as Exhibit A, the Springstead Objectors' interests are not being represented by either Plaintiffs or Defendants in the present litigation.

19. Alternatively, the Court should permissively allow the Springstead Objectors to intervene pursuant to Federal Rule of Civil Procedure 24(b), for the purpose of the objecting to the proposed settlement agreement.

**WHEREFORE**, the Springstead Objectors respectfully request that this Court enter an Order allowing them to intervene in the above-captioned matter for the limited purpose of appearing and presenting their objections to the proposed settlement agreement at the August 22, 2011 fairness hearing.

          Respectfully submitted,

Dated: Philadelphia, Pennsylvania      **VAIRA & RILEY, P.C.**
      August 2, 2011

By: /s/ John E. Riley
    John E. Riley
    PA ID# 22504
    William J. Murray, Jr.
    PA ID# 73917
1600 Market Street, Suite 2650
Philadelphia, Pennsylvania 19103
(215) 789-9405
(215) 751-9420 (fax)

**SIDLEY AUSTIN LLP**

Benjamin J. Hoffart
787 Seventh Avenue
New York, New York 10019
(212) 839-5300
(212) 839-5599 (fax)

*Attorneys for Craig Springstead, Grace Meo, Daniel Bastek, Michael Storm, Beth Ann Lambo, Richard Kohler, Maria Kashatus, and Wilson Sheppard*

## CERTIFICATIONS

I, BENJAMIN J. HOFFART, certify that:

Pursuant to Local Rule 7.1, on July 29, 2011, I contacted counsel for Plaintiffs and Defendants seeking their concurrence in this motion. Plaintiffs' and Defendants' counsel do not concur in this motion.

On August 2, 2011, I served a copy of this motion and the accompanying memorandum by first-class mail, addressed to:

> Robert W. Meek, Esquire
> DISABILITY RIGHTS NETWORK OF PENNSYLVANIA
> 1315 Walnut Street, Suite 500
> Philadelphia, Pennsylvania 19107-4705
> *Attorney for Plaintiffs*

> Doris M. Leisch, Esquire
> Deputy Chief Counsel
> OFFICE OF GENERAL COUNSEL, DEPARTMENT OF PUBLIC WELFARE
> 801 Market Street, Suite 6092
> Philadelphia, Pennsylvania 19107
> *Attorney for Defendants*.

Dated: August 2, 2011                                /s/ Benjamin J. Hoffart
                                                     Benjamin J. Hoffart

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

```
------------------------------------------------------------x
FRANKLIN BENJAMIN, et al., on behalf of      :
themselves and all others similarly situated, :
                                              :
                    Plaintiffs,               :
                                              :   No. 09-cv-01182
        -against-                             :   (Jones, U.S.D.J.)
                                              :
DEPARTMENT OF PUBLIC WELFARE OF               :   (Am. Complaint
THE COMMONWEALTH OF                           :   Filed 7/14/09)
PENNSYLVANIA, et al.,                         :
                                              :
                    Defendants.               :
------------------------------------------------------------x
```

**ORDER**

This _____ day of _____ , 2011, upon consideration of the motion of Craig Springstead, Maria Meo, Daniel Bastek, Michael Storm, Beth Ann Lambo, Richard Kohler, Maria Kashatus, and Wilson Sheppard, by and through their guardians and next friends, to intervene into the above-captioned action, it is hereby

ORDERED that the motion is GRANTED and Craig Springstead, Maria Meo, Daniel Bastek, Michael Storm, Beth Ann Lambo, Richard Kohler, Maria Kashatus, and Wilson Sheppard, along with their guardians and next friends, shall be permitted to participate in this action, including the fairness hearing scheduled for August 22, 2011.  It is hereby

FURTHER ORDERED that the Supplemental Objections attached to the motion to intervene as Exhibit A shall be deemed to satisfy the Fed. R. Civ. P. 24(c) requirement that a motion seeking intervention be accompanied by a pleading setting forth the matters upon which intervention is sought.

                                                  _____
Hon. John E. Jones III
United States District Judge